36 F.3d 1095
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel Dewitt McCOTTER, Defendant-Appellant.
 No. 93-6862.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 31, 1994.
Decided September 8, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CR-90-27, CA-93-27-BO).
 Samuel DeWitt McCotter, Appellant Pro Se.
 John Douglas McCullough, Assistant United States Attorney, Raleigh, NC, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Samuel D. McCotter appeals from a district court order denying his 28 U.S.C. Sec. 2255 (1988) motion. We affirm.
 
 
 2
 McCotter's motion alleged four grounds for relief: (1) that one of his two trial attorneys had a conflict of interest; (2) that the government violated the plea agreement; (3) that he was denied due process based on the previous two claims; and (4) that his other attorney was ineffective due to his ignorance of the sentencing guidelines. The last three claims are without merit, and we affirm on the reasoning of the district court. United States v. McCotter, No.CR-90-27 (E.D.N.C. June 28, 1993). We address McCotter's first claim in some detail.
 
 
 3
 McCotter was represented by two attorneys during his criminal proceedings. He claimed in his Sec. 2255 motion that one of those attorneys, Calvin King, also represented other codefendants and convinced them to plead guilty, thus creating a conflict of interest. The district court found that King did not represent any other codefendants at the pleading stage and, thus, there was no conflict of interest. The district court summarily denied McCotter's motion after the government's response to it.
 
 
 4
 On appeal, McCotter has submitted an affidavit from a codefendant, Sharlene Chapman, that states that King, while not actually representing Chapman at her plea hearing, advised her to plead guilty and implicate McCotter in the drug conspiracy. This, the affidavit alleges, occurred during King's representation of McCotter. The district court docket reports reveal that King represented both McCotter and Chapman during the early portion of the proceedings against them but not during the pleading stage.
 
 
 5
 "[M]ultiple representation does not violate the Sixth Amendment unless it gives rise to a conflict of interest." Cuyler v. Sullivan, 446 U.S. 335, 348 (1980). In the present case, no multiple representation occurred at the pleading stage of McCotter's prosecution. Nonetheless, McCotter's filings raise a conflict of interest claim because McCotter alleges, and supports on appeal with Chapman's affidavit, that the advice King gave to Chapman resulted in prejudice to McCotter.
 
 
 6
 If Chapman's affidavit and McCotter's allegations are credited, King convinced Chapman to plead guilty and implicate McCotter and/or promise to testify against him if necessary.[1] Thus, when the time for McCotter's decision to plead arrived, King advised McCotter to plead guilty. This advice was (impliedly) based, in part, on the fact that Chapman had already pled guilty and would testify against McCotter in a trial.
 
 
 7
 However, the pivotal information was submitted only to this Court on appeal. McCotter's failure to present the Chapman affidavit below allowed the district court to properly deny an evidentiary hearing and deny relief. We affirm that order. McCotter's relief, if any, is via a Fed.R.Civ.P. 60(b) motion.[2]
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Chapman's affidavit alleges that King told her to "make a deal for [her]self because the Federal Government had Sam McCotter and he is not getting out of this."
 
 
 [2]
 We intimate no view of the merits of such a claim